**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY, et al.,<br><br> *Plaintiffs,*<br><br>v.<br><br>FOUR G CONSTRUCTION, INC. d/b/a GEEDING CONSTRUCTION, INC., et al.,<br><br> *Defendants.* | ）<br>）<br>）<br>）<br>）<br>）<br>）<br>） No. 4:26-cv-00409-JMD<br>）<br>）<br>）<br>）<br>）<br>） |

**ORDER GRANTING MOTION TO FILE UNDER SEAL**

Geeding Construction, Inc., moves to file segments of its answer and counterclaims under seal. Specifically, Geeding seeks to seal "confidential information pertaining to Geeding's confidential arbitration with Buckeye," including "factual information that gave rise to the arbitration and determinations made by the arbitrators, including the reward." ECF 25 at 1. The seven-day deadline for filing memoranda in opposition to this motion has expired without objection. Local Rule 13.05(A)(4)(d). Although the Court places great weight on the "common law presumption of public access to judicial records," *United States v. Gray*, 59 F.4th 329, 333 (8th Cir. 2023), the Court will grant the motion to file the information under seal at this early stage in the litigation.

In considering this motion, the Court must balance the "salutary interests served by maintaining confidentiality of the information sought to be sealed" with the "degree to which sealing a judicial record would interfere with the interests served by the common-law right of access." *IDT Corp. v. eBay*, 709 F.3d 1220, 1223 (8th Cir. 2013). Geeding asserts two interests served by sealing. First, Geeding emphasizes that it and Buckeye agreed to keep the information in the arbitration confidential. Geeding argues that requiring it to file the information unsealed would risk undermining the willingness of parties to engage in

1

alternative dispute resolution.  ECF 25 at 2.  But "courts routinely reject arguments that arbitration awards and supporting documents should be sealed merely to honor the parties' underlying confidentiality agreement related to their arbitration."  *CAA Sports LLC. v. Dogra*, No. 4:18-cv-01887-SNLJ, 2018 WL 6696622, at *2 (E.D. Mo. Dec. 20, 2018) (collecting cases).  Nevertheless, the interest in encouraging resolution of disputes through means other than litigation may sometimes weigh in favor of sealing documents.  *Sleep No. Corp. v. Young*, No. 20-cv-01507 (NEB/ECW), 2022 WL 3045036, at *1 (D. Minn. Aug. 2, 2022) (concluding that "the interest of encouraging frank settlement communications" was weighty "at this stage of the case").  Geeding asserts a salutary interest that must be balanced.

Second, Geeding argues that sealing would shield "sensitive business information that could put [parties] at a competitive disadvantage."  ECF 25 at 3.  The Eighth Circuit recognizes "the potential harm in unsealing confidential and competitively sensitive information."  *IDT Corp.*, 709 F.3d at 1224 (cleaned up).  The Court need not here conclude that the information Geeding seeks to file under seal is "highly sensitive, competitive business information" for which the interest in sealing outweighs the interest in public access.  *Blu Dot Design & Mfg., Inc. v. Stitch Indus., Inc.*, No. 17-cv-3208-PJS-KMM, 2018 WL 1370533, at *1 (D. Minn. Mar. 16, 2018) (denying a motion to file certain sales information under seal); *cf. IDT Corp.*, 709 F.3d at 1223 (affirming the sealing of a complaint that contained "information that was produced subject to a protective order that covers trade secrets and other confidential research"); *LifeScience Tech., LLC v. Mercy Health*, No. 4:21-cv-01279-SEP, 2024 WL 4332055, at *1 (E.D. Mo. Sept. 27, 2024) (granting motions to file under seal documents that contained "highly sensitive, non-public business and financial information about matters such as proprietary data, trade secrets, software design specifications and features, confidential information about clients and investors, and other

2

competitively sensitive information"); *Wood v. Robert Bosch Tool Corp.*, No. 4:13cv01888 PLC, 2016 WL 7013034, at \*8 (granting a motion to seal "business and commercial information regarding development of" defendant's "technology"). The decision of this Court instead turns on the relatively weak interest of public access to the information in Geeding's answer and counterclaims at this stage of litigation. It remains unclear how significant the sealed information will be to the Court's adjudication of this case. For example, this Court might "never adjudicate[] any aspect" of Geeding's answer or counterclaims "on the merits." *IDT Corp.*, 709 F.3d at 1224. In that instance, the interest in public access of the sealed information would be "weak." *Id.*

In addition, Geeding complies with Local Rule 13.05(A)(4)(c)(i), filing a redacted version of its answer and counterclaims in the public record. The redacted portions are only a small part of the full document. The Court concludes that allowing Geeding to file its unredacted answer and counterclaims under seal along with its modestly redacted public version balances the relative interests at this stage of litigation. Depending on the course of this litigation, the Court may later reconsider its conclusion when deciding a motion to continue sealing or a motion to unseal.

**IT IS HEREBY ORDERED** that Geeding's motion for leave to file under seal, ECF 25, is **GRANTED**.

Dated this 17th day of July, 2026

_____
JOSHUA M. DIVINE
UNITED STATES DISTRICT JUDGE
FOR THE EASTERN AND WESTERN
DISTRICTS OF MISSOURI

3